## SHERBURN v ARMSTRONG
(Two cases)

Ohio Appeals, 2nd Dist., Franklin Co.

No. 3402. Decided Jan. 30, 1942

James R. Freemas, Paul M. Herbert, Columbus, for plaintiffs-appellees.

James Spellman, Columbus, and C. C. Crabbe, Columbus, and Garek & Sillman, Columbus, for defendant-appellant.

## OPINION
By GEIGER, PJ.

These two cases had their origin in the civil division of the Municipal Court of Columbus, Ohio, one there being No. 256,239 in that Court and the other being No. 256,240, being respectively the cases appearing here in the caption.

The two cases were on motion, by agreement of counsel, consolidated in the Municipal Court. The first case arose on account of injuries received by Jennie Mae Sherburn due to a collision with an automobile driven by M. Bulah Armstrong. The second case was an action by the father of Jennie Mae Sherburn for expenses incurred on account of said accident, and loss of services.

The cases were tried without a jury in the Municipal Court before Judge Lytle G. Zuber, and each resulted in a verdict for the plaintiff, one in the sum of $600.00 for Jennie Mae Sherburn and the other for $139.00 for expenses incurred by the father in the treatment of his daughter and loss of services.

The allegations of each petition are so identical as to make a statement for each case unnecessary. We will present the issues as made in case No. 256,239. Jennie Mae Sherburn, an infant by Gretchen M. Sherburn, her next friend v M. Beulah Armstrong. That petition recites that the plaintiff is an infant fourteen years of age; that on the 11th day of July, 1940, at about 4:30 P. M. she was riding a bicycle in an easterly direction on West Broad Street, Columbus, at the intersection of Brinker Avenue, the first north and south street east of the viaduct, when the defendant operating an automobile in a westerly direction on said Broad Street, intending to and turning left in Brinker Avenue, collided with plaintiff injuring her in the respects described. It is alleged that the damages were incurred solely on account of the negligence of the defendant in five alleged acts, which we may briefly state.

(1) That the defendant failed to have control of her automobile so as to stop within a reasonable clear distance ahead.

(2) That the defendant failed and neglected to yield the right of way to plaintiff and to keep a lookout or make observation of the presence of the plaintiff.

(3) That the defendant failed to give warning by horn of her movement in a southwesterly direction at said time and place.

(4) That the defendant failed and neglected to stop her automobile or to abate the speed thereof or to divert the course as she should have done in the exercise of ordinary care.

(5) That the defendant failed, before turning and changing her course, to make sure such movements could be made in safety and neglected to cause signals to be made in a way visible outside the vehicle, in violation of the General Code of Ohio.

It is alleged that as a proximate result of the negligence of the defendant, the plaintiff was injured.

Notice of appeal was given on questions of law.

The second case contains the same allegations, except that the damage was due to expenses incurred in the sum of $71.00 and from the fact that the child was disabled from attending the housework for about six weeks and that plaintiff was deprived of her services to the plaintiff's damage in the total sum of $250.00.

Identical answers were filed in each case in which the defendant denied that she was careless or negligent in any manner.

After the hearing of the evidence and before the argument, the court permitted defendant to amend her answer by setting up contributory negligence on the part of the plaintiff in that she carelessly and negligently rode her bicycle in such a manner as to strike the rear bumper of defendant's automobile, thus inflicting whatever injuries she may have sustained.

The assignment of errors in this Court is that the court erred in entering judgment for the plaintiffs at the conclusion of their case, the defendant offering no evidence; in refusing to enter judgment for the defendant at the conclusion of plaintiff's evidence; that the defendant-appellant was entitled to judgment at the conclusion of plaintiff's evidence; that the trial court erred in entering judgment for loss of services of a minor.

As usual in cases of this character there is a sharp diversity of testimony. Generally, it is claimed by the plaintiff that the defendant so operated her car that she turned southward on Brinker Avenue without giving proper signals and without complying with other statutory requirements, and there is testimony supporting this claim. The defendant, on the other hand, asserts that she stopped at the point in question before she turned southward in order to let east-going traffic pass; that after it had all passed, she turned southward, but that the girl riding the bicycle carelessly and negligently propelled her bicycle so as to strike the rear bumper of the defendant's car. This claim is supported by defendant on cross-examination, and possibly by one of the girls who was a witness for plaintiff.

We have read the evidence presented by the bill of exceptions and while the witnesses disagree upon a number of points, we are of the opinion that there was no evidence that the plaintiff was guilty of contributory negligence and there was abundant evidence that the defendant did not operate her car as required by statute when she turned out of her course to the south at the intersection with the Avenue so as to go south thereon, and that she failed to observe the provisions of §6310-28(a) GC as interpreted in the case of Morris v Bloomgren, 127 Oh St 147. The plaintiff, riding her bicycle, had the right of way as she was approaching from the right of the automobile after it was turned south, and the right to proceed uninterruptedly in the direction in which she was moving in preference to the defendant's vehicle approaching into the path of the bicyclist from a different direction.

The Court, in the above case, holds that §§6310-28 and 6310-28(a) GC are cognate sections, and, construed together, confer an absolute right of way upon the vehicle approaching from the right qualified only by the requirements that in proceeding uninterruptedly it must proceed in a lawful manner. The rule would not be different even tho the defendant had stopped before crossing the right of way of the plaintiff.

See also §6310-22 GC.

We do not think that the case requires that we detail the differences that appear in the testimony of the several witnesses. There was evidence supporting the claim of the father sufficient to sustain the judgment.

Judgment in both cases affirmed and cause remanded.

BARNES & HORNBECK, JJ., concur.